**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7587**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

LARRY SINCLAIR WILLIAMS,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:92-cr-00083-AVB-1; 1:08-cv-00722-CMH)

———————

Submitted: March 29, 2016          Decided: March 31, 2016

———————

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry Sinclair Williams, Appellant Pro Se. Lawrence Joseph Leiser, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Sinclair Williams appeals the district court's order dismissing his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion and denying his motions for a reduction of his sentence, 18 U.S.C. § 3582 (2012), and for correction of clerical error under Fed. R. Crim. P. 36.

The court construed the Rule 60(b) motion as a successive § 2255 motion. We have reviewed the record and conclude that Williams' motion was not a true Rule 60(b) motion, but in substance a successive § 2255 motion. See United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas motion). Williams is therefore not required to obtain a certificate of appealability to appeal the district court's order. See McRae, 793 F.3d at 400. As noted by the district court, in the absence of prefiling authorization from this court, it lacked jurisdiction to hear Williams' successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012). Additionally, we construe Williams' notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a

2

successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Williams' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion and affirm.

Our review of the district court's denial of Williams' § 3582 motion and Rule 36 relief reveals no reversible error. Accordingly, we affirm on the reasoning of the district court's order. United States v. Williams, Nos. 1:92-cr-00083-AVB-1; 1:08-cv-00722-CMH (E.D. Va. Aug. 24, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3